### ₁ Newman *against* Rutter.

When, by the terms of a deed reserving rent, it is stipulated that, if the rent should be in arrear sixty days, the grantor might distrain; and if a sufficient distress should not be on the premises, that the owner of the rent might enter on the lots; to entitle the grantor to enter or maintain ejectment, it must appear that, upon a distress made, there was not sufficient property on the premises to pay the rent.

Any act of a lessee, by which he disaffirms or impugns the title of the person indisputably entitled to the rent, is a forfeiture of the lease, and the landlord may consider him as his tenant, or as a trespasser. But, *quere?* whether this principle be applicable to a grant of land in fee, reserving a rent charged on it.

Courts of law and equity lean against a construction which works a forfeiture. If a lessor do any act recognizing the subsistence of the relation of landlord and tenant, such as the receipt of rent, it will prevent the operation of those acts of the tenant which would otherwise work a forfeiture of the lease.

A grant of an incorporeal hereditament may be presumed, upon an adverse enjoyment of twenty-one years and upwards: and the circumstances which will justify such presumption is matter of law, for the determination of the court.

ERROR to the common pleas of *Lebanon* county. ·

Henry Newman against Benjamin Rutter. This was an action of ejectment to recover two lots in Newmanstown. It appeared that the late proprietors granted the land including the lots, in 1741, to Walter Newman. In 1765, Walter Newman, by deed, conveyed the lots in question to Frederick Moore, in fee, reserving eight shillings rent on each lot, payable annually on the 26th of August. By the terms of this deed, a counterpart of which was executed by Frederick Moore, it was stipulated that if the rent should be in arrear sixty days, the owner of it might distrain; and if sufficient distress should not be on the premises, that he might enter upon the lots and repossess them, as though the deed had not been made. Moore also covenanted to pay the rent, and build a house of certain dimensions, within a year from date of the deed, on each lot.

Plaintiff showed title to the rent, reserved by Walter Newman, as follows: In 1772 Walter Newman made his will, which was proved in 1774, by which he devised the rent of the town of Newberry to Henry and David Newman. Henry Newman, by his deed dated 23d March 1775, conveyed his share of these rents to Peter Newman. Peter Newman by his will, dated in 1790 and proved in 1791, 26th April, devised one half of Newmanstown to plaintiff. It does not appear that Peter Newman had any estate in Newmanstown, except his share of these rents. Also, the last will and testament of Peter Newman, dated the 26th day of August 1790, with probate thereof, dated the 26th day of April 1791.

The plaintiff further offered in evidence a certified copy of proceedings in the orphans' court of Dauphin county, 20th June 1786, being a report and confirmation of sale of David Newman's land, by Magdalena Newman, with deed from Magdalena Newman, administratrix of David Newman, to Christian Seibert, for the moiety or half part of Newmanstown and sixty-three acres of land, with a deed from Christian Seibert and wife to Francis Seibert, dated the 19th day of April, 1793, and with the last will and testament of Francis Seibert, dated February 9, 1811, proved November 4, 1811; with parol proof that the town rents of Newmanstown were separately collected by those persons who claimed under David Newman and those under Henry Newman, for forty years preceding this time; and, connected with said offer, called John M. Forster, a witness, who being duly sworn, said: "That he searched in the recorder's office of Dauphin county, two or three weeks ago, to see if he could find any deed of partition for these lands, between David Newman and Henry Newman, or any persons claiming under them; that he used the general *index* books, but could *not find any* deed of that kind; that he searched all the records from the organization of the county till within two years, and thinks he examined the whole general index, and found no deed or agreement of partition, or any thing of the kind; and that the recorder's deputy assisted him in making the search, but that he did not call on the deputy or the recorder to search or certify."

To which offer of evidence so made, the defendant objected: that the copy of the proceedings in the orphans' court of Dauphin county, is not a copy of the whole record; that the copy of order of sale, and whole proceedings relating thereto, should be produced; no evidence that David Newman died intestate, or of the appointment of his widow, Magdalena Newman, administratrix; and that the search made in the recorder's office of Dauphin county was not sufficient. Which objections to the copy of the record of the orphans' court were sustained, and the same was rejected; to which opinion of the court, the plaintiff excepted.

The plaintiff, then, for the purpose of showing partition, or division, of the tract of one hundred and twenty-eight acres, between those claiming under the devisees of Walter Newman, offered in evidence the deeds and papers mentioned in their former offer, with parol proof that the said Francis Seibert, and those claiming under him, have held possession since the year 1805, and have held and exercised exclusive ownership of the said sixty-three acres, including the one half of Newmanstown; and that Henry Newman, the other devisee of Walter Newman, and those claiming under him within the said time, to wit, from the year one thousand eight hundred and five, or thereabouts, to the present time, have exercised exclusive ownership over the remainder of the said tract of one hundred and twenty-eight acres, including the other half of

[Newman v. Rutter.]

Newmanstown; and that the two lots for which this ejectment is brought, is located in that of the said tract last mentioned; with further parol proof that search has been made in the recorders' offices in Dauphin and Lebanon counties, for deed or agreement of partition in the premises, and none such has been found.

To which offer of evidence the defendant objected—that no title has been shown in Magdalena Newman; that parol evidence of partition is not admissible; that the search in the recorder's office was not sufficient, and that the parties should have been inquired of; and that a deed of partition is valid without being recorded. Which objections were sustained, and the evidence offered rejected, to which the plaintiff excepted.

Defendant, to maintain the issue on his part, called John Pearson, who, being duly sworn, said: " I live in Newmanstown, near these premises, and am acquainted with them."

(The plaintiff here, with permission of the court, examined this witness to show his interest in the issue trying, and in answer to questions by the plaintiff, he said: " I have a lot in Newmanstown; had an agreement to resist the payment of ground-rent; have no agreement now; the agreement was in writing, but it is aside now; I think the defendant has the agreement; he, the defendant, was in the agreement; it was part of the agreement, that we should pay the expenses among us. I think suits were brought against us before the agreement; can not say right whether before suit brought; it was shortly before or after suit brought.")

And upon cross-examination by the defendant, witness said: " I always thought I would pay my share of expenses, but think, am not bound. I signed no writing by which I was bound to pay any cost in this suit. We signed a writing to Zimmerman, that he should clear us of ground-rent, but we took up that agreement again. I have no bargain with defendant, to make me pay expenses of this suit. I intend to pay, but am not bound to pay.

The plaintiff then objected to the further examination of the witness, in chief, on the ground of interest, which objection was overruled, and the plaintiff excepted.

The defendant further offered in evidence, a receipt from plaintiff to defendant, dated the 26th of August, for ground rent of the two lots, for the year 1831, in order to show that plaintiff, by receiving rent, had waived the forfeiture for not erecting buildings on the lots, if there had been a necessity for such erection. To which offer and evidence the plaintiff objected, as irrelevant, and because there were two covenants, one for payment of rent, and one to build. Which objections were overruled by the court, and the evidence admitted: to which opinion of the court the plaintiff excepted.

*Foster* and *Weidman*, for plaintiff in error.
*Pearson* and *Cline*, for defendant in error.

[Newman v. Rutter.]

The opinion of the Court was delivered by

ROGERS, J.—One of the objections to the judgment of the Court of Common Pleas, is their answer to the fourth point. The court instructed the jury, in answer to that point, that to entitle the plaintiff to enter agreeably to the terms of the deed, it must appear not only that the rent was in arrear and unpaid, but that there was not sufficient personal property on the lot, liable to be distrained, to enable plaintiff effectually to compel payment of the rent by distress. By the terms of the deed it is stipulated that if the rent should be in arrear sixty days, the grantor might distrain; and if a sufficient distress should not be on the premises, that the owner of the rent might enter on the lots and repossess them, as though the deed had not been made. The deed must be construed according to the intention of the parties; and, to entitle the plaintiff to enter, it must appear not only that the rent was in arrear for the time specified, but that upon a distress being made by him, it was found that there was not sufficient property on the premises to pay it. In this point of view, therefore, the defendant, rather than the plaintiff, has reason to complain of the charge, as the court put the case upon the fact, whether there was enough of property on the premises to answer the plaintiff's claim. If the plaintiff had pursued his remedy by distress, there were, if the witnesses are to be believed, at all times goods more than sufficient for that purpose.

But the plaintiff contends that the defendant denied his title, and that this denial amounts to a forfeiture, and that, therefore, he can maintain ejectment. A forfeiture may be incurred either by a breach of those conditions which are always implied and understood to be annexed to the estate; or those which may be agreed upon between the parties, and expressed in the lease. The lessor, having the *jus dispoȿendi*, may annex whatever conditions he pleases, provided they be not illegal, unreasonable, or repugnant to the grant iself; and upon breach of these conditions may avoid the lease. Any act of the lessee, by which he disaffirms or impugns the title of his lessor, comes within the first class; for, to every lease the law tacitly annexes a condition that if the lessee do any thing which may affect the interest of the lessor, the lease shall be void, and the lessor may re-enter. Every such act necessarily determines the relation of landlord and tenant; since to claim under another, and at the same time to controvert his title; to affect to hold under a lease, and at the same time to destroy the interest out of which the lease arises; would be the most palpable inconsistency: *Bar. on Leases,* 119; *Woodfal's Landlord and Tenant* 219. So where the tenant does an act which amounts to a disavowal of the title of the lessor, no notice to quit is necessary; as where the tenant has attorned to some other person, or answered an application for rent by saying that his connection as tenant with the party applying has ceased. *Bul. N. P.* 96; *Esp. N. P.* 463. In such cases, as the tenant sets his landlord at defi-

[Newman v. Rutter.]

ance, the landlord may consider him either as his tenant, or as a trespasser. But these principles only apply where there is no dispute as to the person entitled to the rent; so where there was a refusal to pay rent to a devisee in a will which was contested, it is not such a disavowal of the title as will enable the devisee to treat the tenant as a trespasser, and to maintain ejectment without previous notice. *Woodfal's Landlord and Tenant* 219, and the authorities there cited. These principles are usually applied to the relation which subsists between landlord and tenant on a demise for a term of years; and whether they are applicable to a grant of land in fee with the reservation of a rent charged on the land may admit of doubt, although no case has been cited, and I know of none, where it has been so applied. But however this may be, the doctrine does not hold where there is no denial of the title under which the defendant claims, but it is denied that the plaintiff is the person entitled to receive the rent, although he is the representative or devisee of the original grantor, or where, as in this case, the proportion of the rent which he owns is disputed. The plaintiff claims the entire rent, and the court and jury have decided that he is entitled to a moiety only. It would, therefore, be a harsh application of the principle to decide that a defence which certainly has some plausibility about it, should work a forfeiture of the estate. Courts of law always lean against a forfeiture, and it is the province of a court of equity to relieve against it. Whenever a landlord means to take advantage of a breach of covenant, so as that it should operate as a forfeiture of the lease, he must take care not to do any thing which may be deemed an acknowledgment of the tenancy, and so operate as a waiver of the forfeiture, as distraining for the rent, or bringing an action for the payment of it, after the forfeiture has accrued, or accepting rent. *Bul. N. P.* 96; *Woodfal* 227; *Bar. on Leases* 226. For this reason the court were right in admitting in evidence a receipt from the plaintiff to the defendant for ground rent for the two lots for the year 1831. This evidence was pertinent, because the receipt of rent waives the forfeiture, if any such there was, for neglecting to erect the buildings on the lot, as provided for in the deed.

In deducing title to the ground rents, plaintiff proved that the ground rent in Newmantown had been devised by the last will and testament of Walter Newman, to Henry Newman and David Newman, as joint devisees. This, of course, vested in Henry Newman, the plaintiff, a moiety only of the ground rent reserved in the deeds. For the purpose of proving that he was entitled to the whole ground rent charged on the *locus in quo*, he offered in evidence a deed from Magdalena Newman, administratrix of David Newman, deceased, one of the devisees of Walter Newman, to Christian Seibert, dated the 24th of August 1786, for sixty-three acres of the tract of one hundred and twenty-eight acres, devised to Henry and David Newman, by Walter Newman, the said sixty-three acres including the

one-half of Newmanstown; also a deed from Christian Seibert to Francis Seibert, for same, dated the 19th of April 1793; also the will of Francis Seibert, devising the same sixty-three acres, including one-half of Newmantown, to Elizabeth, wife of Peter Shoch, dated February 9, 1811, with parol proof that the said Francis Seibert, in the year 1805, or thereabouts, until the time of his death, and those claiming under him since his death, held and exercised exclusive ownership and occupation of the said sixty-three acres, including the one-half of Newmanstown, and that Henry Newman, the other devisee of Walter Newman, and those claiming under him, in the same time, viz. from the year 1805, or thereabouts, to the present time, have exercised exclusive ownership on the remainder of the tract of one hundred and twenty-eight acres, including the other half of Newmanstown, and that the two lots for which this ejectment is brought, are located in that part of the said tract last mentioned; with further parol proof that search has been made in the recorder's office in Dauphin and Lebanon counties, for deed or agreement of partition of the premises, and none such has been found.

From the evidence here offered, it is plain that the ground rent was not divided between the devisees by writ of partition; so that the only question is, was such proof offered as will justify the jury in presuming a deed, grant, or mutual conveyance? The evidence would have proved that the plaintiff had been in the enjoyment and receipt of the entire rent, charged on the premises, for a period of thirty years and upwards, and that they who deduce their title from David Newman, had received the whole ground rent charged on this portion of the estate. A jury is required, or at least may be advised by a court, to infer a grant of an incorporeal hereditament, after an adverse enjoyment for the space of twenty-one years; and in Hearn *v.* Lessee of Witman, 6 *Bin.* 416, it is held, that what circumstance will justify the presumption of a deed, is matter of law; and that it is the duty of the court to give an opinion whether the facts proved will justify the presumption. This presumption seems to have been adopted in analogy to the act of limitations, which makes an adverse enjoyment of twenty-one years a bar to an action of ejectment; for as an adverse possession of that duration will give a possessory title to the land itself, it seems, also, to be reasonable, that it should afford a presumption of right to a minor interest arising out of the land. The ground of presumption, in such cases, is the difficulty of accounting for the possession or enjoyment, without presuming a grant or other lawful conveyance. This is not an absolute presumption, but one that may be rebutted by accounting for the possession consistently with the title existing in another. Here we cannot account for the enjoyment and receipt of the entire rent, without presuming a grant or some lawful conveyance from the one tenant in common to the other; and for this reason we think the court erred in excluding the evidence.

The court were right in admitting the evidence of Job Pearson. The objection goes to his credit rather than to his competency.

Judgment reversed, and *venire de novo* awarded.