## Institute of Protestant Deaconesses *v.* Lingenfelser, Appellant.

494

Argued March 20, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Charles W. Jones,* for appellant.

*William D. Evans* and *Andrew M. Linn,* for appellee, were not heard.

Opinion by Mr. Justice Frazer, April 15, 1929:

This action of ejectment is to recover a lot of ground in the City of Pittsburgh, in possession of defendant, appellant here, who claims title in fee, alleging he entered upon and took possession of the property in pursuance of a parol grant and conveyance to him by plaintiff, subject to the payment of graded annual ground rents reserved out of the land, payment of these rents to extend over a period of twenty years as follows: $100 per year to be paid during the first period of five years; $105 for the next succeeding five years; $110 for the next succeeding five years; $115 for the next succeeding

five years, "and $120 per year for each year thereafter forever."

In an amended statement of claim plaintiff, a body corporate organized and existing under a special act of the legislature of this Commonwealth, approved May 3, 1850, P. L. 673, alleges, on the other hand, that appellant entered upon and occupied the premises as lessee for a term of years, under a parol lease made by plaintiff, represented in the transaction by its treasurer, the Reverend Doctor Roth, acting as its agent; that the latter was authorized to enter, and did enter, into an agreement with defendant for a lease of the land in dispute for a period of twenty years or less, with certain ground rents reserved; that this authorization was vested in the treasurer by a resolution properly adopted by the board of managers of plaintiff corporation; that the resolution stipulated the rentals to be paid in amounts and times as follows: $100 each year for the first five years; $110 per annum for the second five years; $120 per annum for the third five years and $130 per annum for the fourth term of five years; that defendant paid the rentals during the first three periods of five years to July 1, 1916, but thereafter refused to pay further rentals, notwithstanding he was requested to do so, and that upon such refusal he was notified by plaintiff to quit and peaceably surrender the premises, but refused to do so, and on the contrary, set up a claim of fee simple title in himself contrary to that of plaintiff the real owner. The trial judge submitted the case to the jury on the question whether defendant entered into possession under an oral lease for a term of years, then expired, or whether he took title in fee, subject to a perpetual ground rent, as he claimed. The verdict was for the plaintiff. Defendant's motions for a new trial and for judgment n. o. v. were subsequently dismissed by the court and this appeal followed.

Appellant restricts his complaints as set forth in the statement of questions involved to two questions: First, was the court right in admitting in evidence, over ob-

jection of defendant, the minute book of plaintiff corporation showing adoption by its board of managers of the resolution authorizing Dr. Roth, the treasurer, to make a lease with defendant, "there being," as he alleges, "no testimony that defendant had knowledge of the passage of the resolution until it was shown to him at the trial," and, second, was this action brought prematurely?

As we understand the argument of appellant, the court erred in admitting the minute book as evidence because defendant was ignorant of the existence of the resolution until the case came to trial and further the effect of its admission was to make it a self-serving declaration passed "in the secrecy of a board meeting and never called to the attention of the defendant, and that it was therefore not competent evidence to establish what agreement had been made, at a subsequent time, between the defendant and the plaintiff."

We may say here at the start that we think the learned judge of the court below did not err in allowing the resolution to go in as evidence, a matter to which we shall presently refer; nor, as the facts were disclosed, was the action brought prematurely.

Unquestionably an oral agreement existed between the parties, and there can be no question that appellant entered upon and occupied the land by reason of that agreement; further, aside from the testimony of defendant, in no manner corroborated, all evidence went to prove the agreement so made was in fact a parol lease of the land for a term of twenty years, with ground rents reserved. The resolution in question, dated March 31, 1903, reads as follows: "Resolved, That the treasurer be and is hereby authorized to lease to Fred Lingenfelser of Pittsburgh, Pa., the Colwell St. stone yard for 20 years or less under proper conditions and restrictions; at the rate of $100.00 each year for the first five years; $110.00 per annum for the second five years; $120.00 per annum for the third five years and $130.00 per annum for the fourth term of five years."

It will be observed that several of the amounts and times of payment as set forth in the resolution differ from those claimed by appellant. Dr. Roth was a man admittedly of high character and intelligence, and at the date of the resolution was a member and also treasurer and secretary of the board of managers as well as superintendent of Passavant Hospital, which was controlled by plaintiff corporation and which occupied the land, a portion of which is the property in question here, the entire tract being owned by plaintiff. Dr. Roth however was not a witness at the trial, as he had died some years previously.

It must be admitted, that, if, as appellant claims, the lease made by Dr. Roth vested him with a fee in the land, the treasurer clearly exceeded and amplified his authority beyond that granted by the board of managers. But that is a claim to be distinctly shown and solidly supported by adequate and convincing proof. We do not find evidence in the record of the case sufficient to constitute such proof. The utmost we find on that point is the declaration by appellant, made, as he testified, about fifteen years after the acceptance of the parol lease: "No; I made no arrangement of that kind."

Whether there was an actual lease prepared, is not certain; that, however, is not a material matter now, since certainly there was no written lease executed. The lease then in question was an oral one, and as the trial judge properly said in his charge to the jury "a parol lease of that sort was not binding on either party." Under our Statute of Frauds, Act of March 21, 1772, 1 Sm. Laws 289, all leases exceeding the term of three years from the making thereof must be in writing, signed by the parties or their agents thereunto lawfully authorized in writing; if not so made, they have the force and effect of leases at will only (Mott v. Kaldes, 288 Pa. 264) ; and, further, as we held in Dumn v. Rothermell, 112 Pa. 272, 282, and in many other of our decisions on

this subject, "a parol demise for more than three years, in the first instance, creates a tenancy at will only, and this satisfies the statute; but that tenancy at will, like any other, may be subsequently changed into tenancy from year to year, by payment and acceptance of the rents annually, or other circumstances indicating that intention of the parties.

The situation here is, that a lease was made by the agent, properly authorized in writing; it is, however, an agreement at variance with the statute of frauds, not being a written instrument but a parol contract and consequently legally ineffective in itself to cover a term of twenty years; but which, by force and operation of the statute, was transformed into a tenure for a less term, by the payment and acceptance of rent. Whether plaintiff purposed to have the lease made for "twenty years or less," as the resolution of its board of managers sets forth, is of no concern now. But that it intended the lease should be one for a term of years and not a conveyance in fee, is amply established by the proof, and we find no reliable evidence which allows even an inference that Doctor Roth, in making the parol lease, was not governed by the same intention and in fact intended no other character of demise.

This being the situation, we may here answer appellant's question as to whether the action was entered prematurely. Defendant entered upon the premises under the parol lease, paid rent until July 1, 1916, and thereafter refused to pay further installments. He was notified to quit and surrender the land to plaintiff, refused to do so, and set up a claim of title in himself, disavowing the title of his lessor. Thus by his own acts he impugned the latter's title and consequently terminated the relation of landlord and tenant: Barr on Leases 119. "To every lease the law tacitly annexes a condition that if the lessee do anything which may affect the interest of the lessor, the lease shall be void and the lessor may reënter; . . . . . . So where the tenant does an act which amounts to a disavowal of the title of the lessor, no

notice to quit is necessary": Newman v. Rutter, 8 Watts 51, 54. Having therefore, in July, 1916, repudiated the parol lease and set up a distinct title in the land in himself and refused to pay further installments of rents, the way was, from that date, clearly open to plaintiff to begin proceedings to recover possession of the property. As the learned court below well says: Defendant "cannot blow hot and cold and have the advantages of a tenancy while claiming in hostility to his landlord's title."

It was not error by the court below to admit in evidence, over defendant's objection, the minute book containing the resolution authorizing Doctor Roth to make the lease. If defendant, as he asserts, had no knowledge of the resolution until the trial, his failure to acquire such information is certainly not attributable to plaintiff. He was at the time of the adoption of the resolution, and long before and after that date, intimately acquainted with members of the board and had first hand information as to their management of the hospital and of its ownership of the land in question. Referring to this phase of the dispute, the court below, in its opinion refusing the motions for a new trial and judgment n. o. v., very pertinently says: "The defendant knew he was dealing with a corporation. He was one of its [official] visitors, and made audits of its books, and he must have known [of] the limited power of the treasurer and the existence and authority of the board of managers." Moreover, there is abundant oral and written testimony in the record that very materially shatters defendant's claim that he did not know he was occupying the land as a mere tenant for years, and not the slightest evidence exists that anybody made different representation to him, either at the time the parol lease was made, or at any time subsequent. In fact, as one of the regularly appointed auditors of the accounts of plaintiff corporation, he passed upon and certified payments of rentals made by him, under the lease, in amounts which were in accord with the rentals stipulated in the resolu-

500

tion of the board of managers and not in conformity with those he contends were agreed upon between him and Doctor Roth. Nor is there evidence tending to show that Doctor Roth misrepresented his authority, and the intimation that the resolution was passed "in the secrecy of a board meeting," is supported by no proof whatever. It was testified by Dr. Fritschel, president of the board at the time of this trial and who had occupied that position for twenty-five years consecutively since 1902, that he had attended every session of the board during that time, that he presided at the meeting at which the resolution was passed, and that no sessions were ever held without his knowledge. In fact, appellant does not impugn the adoption of the resolution, but contends the agreement he made with Doctor Roth gave him an absolute title in the land. The resolution, as evidence, as the learned court below very properly holds, went directly to the question whether Doctor Roth, as treasurer and authorized agent of the board, made an agreement, such as appellant claims, so markedly in excess of the authority it contained. Questions relating to the admission of documents in evidence are ordinarily for the court's determination and much is confided to sound judicial discretion in this respect: 10 R. C. L. 1087. We concur in the conclusion of the court below that the resolution was properly admitted.

The assignments of error are overruled and the judgment of the court below affirmed.