Jones et ux. *v.* Stiffler, Appellant.

Argued May 2, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

134

*Edward J. Harkins*, of *Scanlan & Harkins*, for appellant.

*P. J. Little*, with him *Robert E. Farr*, for appellees.

OPINION BY HIRT, J., September 27, 1939:

This appeal relates to the right of the trial court to mould and reform the verdict of the jury.

Plaintiffs on August 15, 1931, in writing, leased to defendant two pieces of adjoining land with "a refreshment stand" erected on one of them and a gasoline service station on the other, for the term of two years at a yearly rental of $2,000 payable in specified monthly installments. The writing provides: "The lease of said building shall include all fixtures and appliances now installed and in use in the refreshment building." Defendant paid the rent for the first year and then defaulted and, though in default, remained in possession of the premises and of all of the personal property covered by the lease. He, at the time, was constructing similar buildings at a new location not on plaintiffs' land and was threatening to move the leased property to the new location. Defendant then for the first time denied plaintiffs' title to the refreshment building and its contents and other property covered by the lease by claiming that all of this property had been acquired by him by purchase from the plaintiffs. Thereupon plaintiffs properly brought this action in replevin. Any act of the lessee by which he disaffirms

or impugns the title of his lessor works a forfeiture of the lease, and the lessor may reenter: *Newman v. Rutter,* 8 Watts 51. The refusal to pay rent under a claim of right to the reversion is a denial of the landlord's title and gives the immediate right of entry at common law: *Clark v. Everly,* 8 W. & S. 226. To every lease the law tacitly annexes a condition that if the lessee do anything which may affect the interest of the lessor, the lease shall be void and the lessor may reenter. Refusal to pay the rent and the tenant's claim of title gives an immediate right of action without notice to quit: *Inst. of Prot. Deac's v. Lingenfelser,* 296 Pa. 493, 146 A. 123. Plaintiffs, therefore, had the right of reentry and to recover possession of the leased personal property replevin was the appropriate remedy. In this action plaintiffs gave a bond and retained the property.

When defendant went into possession under the lease, he bought from plaintiffs other merchandise and personal property at a total price of $346.10. Included in the sale was certain property, described in a written statement given by plaintiffs, as "rack equipment and stand $228.73." On the trial of the case defendant asserted that the "rack equipment and stand" which he had bought included not only the refreshment building but all of the fixtures and appliances therein, which were also the subject of the lease. Plaintiffs, on the other hand, contended that this rack equipment which they sold to defendant was outside the lease and was merely a crude wooden framework displaying wooden articles of various kinds and other merchandise for sale. It is hardly conceivable that any jury could have adopted defendant's theory of the case especially since, though he said he had bought the refreshment stand and all of the valuable equipment in it, he continued to pay the full amount of the rent for the period of a year thereafter. The jury very properly found for plaintiffs for certain items of property described in the writ of the value of $2,692.35 and for the defend-

ant for other articles of the total value of but $40.05. The verdict also contains an additional finding in favor of the defendant for "rack equipment and stand $228.73" and an allowance to defendant for damages, to which we will refer later.

This verdict was a finding for the plaintiffs for certain property named in the writ and a verdict in favor of the defendant for $40.05, the value of certain other items in controversy which the jury found belonged to the defendant, and before judgment the verdict was moulded accordingly. In moulding the verdict the item "rack equipment and stand $228.73" was stricken from the verdict, and properly so, for neither this stand nor any of the equipment or merchandise was named in the writ, and these items of property, therefore, were not in dispute on the issues. The stand or rack was crudely constructed of a few pieces of lumber of no considerable value and the equipment or merchandise either had been sold or was in defendant's possession. This finding of the jury was surplusage and was no more than an affirmation of plaintiffs' contention that the defendant did buy from plaintiff certain items of property and merchandise not in dispute.

The right of the trial court to mould a verdict cannot be disputed. Courts have frequently moulded verdicts where there has been informality in the expression of the conclusion but the intent was clear: *Austin B. Paper Co. v. Worrall*, 74 Pa. Superior Ct. 242. "If the point in issue can be concluded out of the finding, the court shall work the verdict into form and make it serve according to the real justice of the case." This has always been the law: *Friedly v. Scheetz*, 9 S. & R. 156; *Smullin v. Harenski*, 106 Pa. Superior Ct. 453, 162 A. 319. Great discretion should be allowed to the courts below, in putting into form and amending verdicts: *Keen v. Hopkins*, 48 Pa. 445. The court below but performed its duty in moulding the verdict into

form to express the real intent of the jury to the above extent.

In the verdict also, there was an additional finding in favor of the defendant for "damages and interest" of $1,500. This the lower court reduced to $10.68 (the equivalent of interest on $40.05, the value of defendant's goods taken by the plaintiffs, from the date of the taking). The propriety of the action of the court in reducing this finding raises the remaining question in this appeal.

Ordinarily, an excessive verdict cannot be reduced to an amount which claimant must accept, under the guise of restating it in proper form without the consent of claimant. But, "While it [the court] should not interfere with the functions of the jury and undertake to determine facts which is exclusively the province of the jury, yet when it is apparent that the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants, the court should set aside or reduce the verdict. This is a duty as imperative as any other which rests upon a trial court, and there should be no hesitancy in performing it": *Hollinger v. York Rys. Co.*, 225 Pa. 419, 74 A. 344. In general, and especially where damages cannot be liquidated by any fixed standard of measurement, the court is without power to invade the province of the jury by reducing the verdict to an amount which a claimant must accept; the reduction must be made conditioned upon the filing by claimant of a remittitur for the excess, with the granting of a new trial as an alternative. In the proper administration of the law the remedy for excessive verdicts is by application to the trial court, where the plaintiff can be given an opportunity to accept either a reduction or a new trial: *Gail v. Philadelphia*, 273 Pa. 275, 117 A. 69; *Ralston v. Phila. R. T. Co.*, 267 Pa. 278, 110 A. 336.

The rule requiring the granting of a new trial as an alternative, however, is not of universal application,

and in our opinion the lower court in this case rightly reduced the item of damages from $1,500 to $10.68. There was no proof by defendant of special damages, and there is nothing in the record to justify punitive damages, and therefore, defendant's damages in addition to the value of the property are limited by law to simple interest on that value, computed from the time the writ of replevin issued: *Tractor & Forwarding Co. v. Baker,* 281 Pa. 145, 126 A. 239. The jury disregarded the instructions given them in this respect and awarded damages which are greatly excessive. The limit of defendant's recovery is fixed by law, and the finding of the jury insofar as it exceeds that amount must be regarded as uncollectible surplusage. This case, where the amount of damages recoverable is fixed by rule of law, does not differ in principle from one, for example, involving the collection of a note for a definite amount. In the latter situation, if the verdict should exceed the amount of the note with interest, the verdict may be reduced to an amount reflecting the limit of liability on the note. The Friedly case, supra, is authority for the conclusion that this may be done in a proper case by moulding the verdict. That it might have been accomplished by rule for judgment non obstante veredicto is unimportant. Here, the jury found the value of the goods belonging to plaintiff, and the clear intent of the jury was to award damages. The amount of the damages is limited by the application of an inflexible rule of law awarding the equivalent of simple interest and no more. To grant a new trial in this case would be vain, for the verdict as moulded does justice between the parties. We therefore should be reluctant to send the case back "after it has been tried on its merits, on nice technical objections, not in any degree affecting the merits": *Friedly v. Scheetz,* supra. See also *Motor Mortgage Corp. v. Hagerling,* 106 Pa. Superior Ct. 148, 161 A. 447; *Parkin v. Safe Deposit Bk.,* 54 Pa. Superior Ct. 54.

Judgment affirmed.