## Boatman v. Boatman et al.

*Harold E. Martin,* for plaintiff.
*Arnold, Bricker & Beyer,* for defendants.

SCHAEFFER, P. J., July 25, 1947.—In this replevin proceeding Maris Boatman sought to recover certain household effects from his wife, Margaret Boatman, his mother-in -law, Jane Gaitner, and others. Plaintiff suffered a voluntary nonsuit as to all of the original defendants except Margaret Boatman, his wife, and Jane

Gaitner, his mother-in-law. The court granted a compulsory nonsuit as to all of the articles replevied except the refrigerator, the three-piece living-room suite, one studio couch and one chair. Defendants filed a counterbond and retained possession. The jury found in favor of plaintiff and against Margaret Boatman and Jane Gaitner as follows: Refrigerator, valued at $250; living room suite, valued at $130; chair, valued at $11, and studio couch, valued at $40, or a total of $431.

Margaret Boatman, one of the defendants, has moved for judgment non obstante veredicto and also for a new trial. The motion for judgment non obstante veredicto must be dismissed because defendant did not present any point for binding instructions. See Roberts et al. v. Washington Trust Co., 313 Pa. 584, 587.

Margaret Boatman, one of the defendants, seeks a new trial on the ground that the court erred (1) in not granting a nonsuit for all of the items because the evidence showed that plaintiff and Margaret Boatman were the owners or lessees thereof by entireties; (2) that plaintiff testified falsely with respect to the payment of $75 made by him on account of the furniture purchased at Oblender's, and (3) that the court failed to instruct the jury to allow a credit for the unpaid balance of $92 due Oblender's.

Replevin is a proper remedy for a married woman to recover her separate property from her husband after his desertion of her. This is not controverted by defendant, but defendant contends that replevin will not lie between husband and wife where the personal property is held by them as tenants by the entireties.

The court instructed the jury as follows:

"It is simply a question of right of possession of the property, and that is immediate and exclusive possestion. . . . If you find that these articles or any of them were community property, that is that they were owned jointly, then plaintiff is not entitled to recover under

the law in this proceeding. However, if you find otherwise, that he is the owner of it, entitled to the immediate and exclusive possession thereof, then you must find a verdict in his favor, and determine the value of the articles separately."

Relative to the refrigerator, E. R. McCauley, a salesman at Darmstaetter's, testified that according to the records plaintiff, Maris Boatman, purchased from Darmstaetter's on September 25, 1946, a Servel refrigerator for $290, making a down payment of $150. The balance of $140 was paid in cash. The duplicate receipted bill in full payment was made out in the name of the plaintiff. The plaintiff testified that he bought the refrigerator; that he paid $150 with his own check, and that he paid the balance of $140 in cash. However, on cross-examination he testified that he gave his wife $400 out of the selling price of his lot of ground at Pequea "and she took it and paid off the refrigerator with it". He testified that although the check for $150 was drawn on a joint bank account with his wife, it was all his money. On the other hand, Margaret Boatman, his wife, testified that the check for $150 was drawn on their joint bank account and that the bank account was made up of their separate money and earnings. She testified also that she and her husband, plaintiff, went to Darmstaetter's together and that she paid the balance of $140 in cash.

Relative to the articles purchased at Oblender's, Robert E. Marion, account manager at Oblender's, testified that their records showed that the sale was made to both Maris Boatman, plaintiff, and Margaret Boatman, his wife, although the original installment lease providing for weekly payments of $6.75 was signed by M. W. Boatman only. He testified that it is the general policy of Oblender's to place property purchased on the installment plan in the names of both husband and wife. He said that the records do not show who made the payments. He testified that the balance due on account

at the date of the trial was $92. However, he said that there have been several additions to the account since the original purchase, without mentioning what they were or for what amount. This was not brought out either in direct or cross-examination. Maris Boatman, plaintiff, testified that he bought the furniture at Oblender's in Lancaster, for a sum in excess of $300. He also testified that he paid $75 down by check. He said the weekly payments until January 10, 1947, were paid out of his earnings. On the other hand, Margaret Boatman, one of the defendants, testified that she made the weekly payments on account of the furniture out of money that she earned at the Wickersham Printing Company, and that her mother, Jane Gaitner, also made some payments out of her own earnings. She testified that they both went to Oblender's to select the furniture and that $75 was paid on account out of their joint bank account. She said that she has made the payments since January 1947. She also testified that she contributed a substantial amount to their joint bank account. Plaintiff does not dispute that Margaret Boatman, his wife, made payments since January of this year, but he contends that the payments she made before that time came from his money or earnings which he turned over to her.

Since the trial a written stipulation has been filed by counsel for plaintiff wherein it is stated that if plaintiff were sworn on depositions he would testify that his testimony at the trial relating to the $75 down payment on the furniture purchased at Oblender's by check signed by him was incorrect and that, in fact, the $75 down payment was paid by check dated August 17, 1946, drawn on the Farmers Bank and Trust Company of Lancaster signed by defendant, Margaret R. Boatman, alone. This check apparently was drawn on the joint account.

In Wilbur Trust Co. v. Knadler et al., 322 Pa. 17, it was decided that a deposit of money in the names of husband and wife creates a tenancy by the entireties, and the surviving spouse is entitled to the remainder of the fund. In Berhalter v. Berhalter et al., 315 Pa. 225, it was held that where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the benefit of both, and cannot be rightfully exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto.

Admittedly, plaintiff was in error when he testified that he made the $75 down payment on the furniture at Oblender's. This related to and contradicted a material part of plaintiff's testimony. Of itself, it may be sufficient to warrant a new trial.

The court did not instruct the jury to allow a credit for the unpaid balance on the Oblender furniture account and counsel did not request such instruction. According to the evidence the balance of $92 in that account includes two other items which are not described and no price is stated.

As stated in Hindes v. Pittsburgh, 155 Pa. Superior Ct. 314, 319: "The weight of the evidence, however, is primarily for the jury subject to the trial court's discretionary power to award a new trial in the interests of justice." In Jones et ux. v. Stiffler, 137 Pa. Superior Ct. 133, a replevin case, the reduction by the court of certain items of damages was affirmed. In the opinion it is said (p. 137):

" 'While it [the court] should not interfere with the functions of the jury and undertake to determine facts which is exclusively the province of the jury, yet when it is apparent that the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants, the court should set aside or reduce the verdict. This is a duty as im-

perative as any other which rests upon a trial court, and there should be no hesitancy in performing it.' "

Under the conflicting testimony in this case the court concludes that the case relating to the refrigerator and certain household effects was properly submitted to the jury and that a compulsory nonsuit was not justified. However, the court feels that the amount of the verdict, as per itemized statement therein, is excessive under the evidence and should be reduced in the interests of justice, or a new trial granted. The cost of the refrigerator was $290 and the value placed upon it in the verdict was $250. Plaintiff practically admits in his testimony that his wife, Margaret Boatman, paid $140 on account of the refrigerator. The verdict as to the refrigerator was 86 percent of its original cost. The court feels that Margaret Boatman should be allowed $120.40, being 86 percent of said $140. Relative to the furniture in issue, the total cost was $371. The values placed thereon in the verdict aggregated $181, or 49 percent of the original cost. After their separation Margaret Boatman paid $6.75 per week for 17 weeks to Oblender's, amounting to $114.75. She should be allowed 49 percent, or $56.22. Accordingly, the total reduction is $176.62. The court cannot consider the item of $92 because of the additional items purchased and the lack of testimony relating thereto.

All of the reasons assigned by Margaret Boatman, one of the defendants, for a new trial are considered insufficient except reason three that the verdict was against the evidence, and the additional reason five relating to the alleged false testimony of plaintiff with respect to the $75 down payment at Oblender's.

And now, July 25, 1947, the motion for judgment non obstante veredicto in favor of Margaret Boatman, one of the defendants, is overruled. The verdict of $431 is reduced to $254.38. A new trial will be granted unless plaintiff files a remittitur within 15 days from the date of this opinion for the excess sum of $176.62.