# Abrahams *versus* Cooper.

1. In an action for malicious prosecution and false imprisonment, the *narr.* averred the plaintiff's arrest, imprisonment and general damages from disgrace, anxiety and pain, and expenses, &c. *Held* that he might prove that he had no bed nor covering whilst in the city station-house, and suffered from the cold and want of food.

2. Malice was the gist of the action and the natural and probable consequence of the arrest was the imprisonment.

3. Although the officers of the city also may have been in fault, the defendant was not relieved for his participation in the wrong.

February — 1876.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of January Term 1874, No. 240.

This was an action on the case brought December 30th 1871, by Joseph Cooper, against J. K. Abrahams.

The action was for malicious prosecution and false imprisonment "maliciously, &c., and without probable cause." The declaration set out with great particularity, the charge of larceny, before the alderman, the issuing of the warrant, the arrest of plaintiff, his imprisonment at the "Central Station," his binding over to the Court of Quarter Sessions, his trial and acquittal, and concluded :—

"By means of which said several premises he, the said plaintiff,

[Abrahams *v.* Cooper.]

hath been and is greatly injured in his said credit and reputation, and brought into public scandal, infamy and disgrace, &c.; * * * and also the said plaintiff hath, by means of the premises, suffered great anxiety and pain of body and mind, and hath been forced and obliged to lay out and expend, and hath laid out and expended divers large sums of money, in the whole amounting to a large sum of money, to wit, the sum of five hundred dollars, in, for and about the procuring his discharge from the said imprisonment and defending of himself in the premises, and the manifestations of his innocence in that behalf, and hath been greatly hindered and prevented, by reason of the premises, from following and transacting his lawful and necessary affairs and business for a long space of time, to wit, for the space of one year ; and also by reason and by means of the said premises, the said plaintiff hath been and is otherwise greatly injured in his credit and circumstances.

The cause was tried before Briggs, J., October 3d 1873.

The evidence of the plaintiff was, that on the 12th of October 1871, he, with his brother, went into the defendant's store in Philadelphia, to purchase some clothing; that after talking some time with defendant about clothing, which he was urging plaintiff to buy, plaintiff positively refused to buy; the defendant then said he would have him arrested for stealing a vest; that defendant called a police officer, who arrested plaintiff and took him before an alderman, who committed him in default of bail; he was taken to the station-house about noon of the same day ; the next morning he was released on bail.

In his examination on his own behalf the plaintiff was asked:

" What had you to sleep on in the station-house ?" The question was objected to by the defendant, on the ground that if plaintiff suffered while in the station-house, the city, and not the defendant, was responsible for the injury. The question was admitted and a bill of exceptions sealed.

The plaintiff testified that he had no bed but a board, no covering but his own coat; that it was cold, the wind blowing through the grates; that he was taken to Moyamensing prison about eleven o'clock the next day; that he had nothing to eat from the time he had left home until he got to the prison; that he was discharged about one o'clock on bail for his appearance at court. He was tried and found "Not guilty," November 17th 1871.

There was other evidence corroborating plaintiff's testimony and detailing the circumstances of the case.

The defendant gave evidence for the purpose of showing probable cause and and want of malice.

The court charged:—

" Before the plaintiff can recover, the evidence should satisfy

[Abrahams *v.* Cooper.]

you that there was no probable cause for making the arrest, and that the defendant was actuated by malice in doing so.

" Probable cause may be defined to be the existence or apparent existence of such facts and circumstances at the time of the arrest, as to induce a man of ordinary caution and prudence to believe that the plaintiff was guilty of the larceny of the vest. You may infer malice, if the evidence warrants it, from the want of probable cause.

" Then, if you find that the defendant was actuated by malice in arresting the plaintiff, and did it without probable cause, you will proceed to assess the damages. In doing this, you may consider the deprivation of the plaintiff's liberty by being thrown into prison; his physical suffering while there, occasioned by the arrest, [and you have heard what he has said about being compelled to lie upon a bench for a bed, and having nothing to eat till the next day at eleven o'clock in Moyamensing prison;] and the risk he was subjected to of being convicted and punished for the larceny charged against him. These are elements of damages for your consideration, in case the evidence satisfies you the plaintiff is entitled to recover."

The verdict was for the plaintiff for $1000. The defendant took a writ of error: he assigned for error the admission of the evidence objected to and the portion of the charge in brackets.

*W. L. Hirst*, for plaintiff in error.—The special damage should result not from the intervening agency of others unless the intervening agents be set in motion by the primary wrongdoer, but it is requisite that it should be the legal, direct and necessary result of the injury: Addison's Law of Torts 817. The special damages must be proved as laid: Gerhard *v.* Bates, 2 E. & B. 490; Vicars *v.* Wilcocks, 8 East 2; Ashley *v.* Harrison, 1 Esp. 49; Clark *v.* Wendell, 18 Wend. 229; 1 Chitty's Pl. 388; Butler *v.* Kent, 19 Johns. R. 228; Rochester & S. R. Co. *v.* Curtiss, 20 Barb. (N. Y.) 282; Hoey *v.* Felton, 5 Law Times, N. S. 354, 11 C. B. (N. S. 142.

Evidence cannot be given of special damage, unless set out in the declaration: 2 Chitty's Pl. 246, note k; Peake N. P. C. 46, 62, 252 note g, 253.

*P. T. Ransford* (with whom was *J. H. Shakespeare* and *J. H. Heverin*), for defendant in error.—A verdict will aid the want of an averment in the declaration: Thompson *v.* Musser, 1 Dallas 461; Miles *v.* Oldfield, 4 Yeates 423; Weinberger *v.* Shelly, 6 W. & S. 336.

Had the objection to the evidence on the trial been placed upon the ground of the absence of any averment in the declaration, the evidence might have been waived by the plaintiff, or the objection obviated: Rowe *v.* Power, 2 New R. 36; Kensington *v.* Inglis,

[Abrahams v. Cooper.]

8 East 273; Baring v. Shippen, 2 Binney 168; Shenk v. Mingle, 13 S. & R. 29; Dorman v. Turnpike Co., 3 Watts 126; Drexel v. Man, 6 W. & S. 343, 386; Milliken v. Barr, 7 Barr 24; Bingham v. Guthrie, 7 Harris 419; Steckel v. Steckel, 4 Casey 233; Franklin Fire Co. v. Updegraff, 7 Wright 358; Hilling v. Wilson, 1 Grant 121. One of the grounds of recovery in actions for malicious prosecution is, for the suffering and damage to the person by imprisonment: Savill v. Roberts, 12 Mod. 208; Jones v. Givin, Gilbert's Cas. Law and Eq., p. 201; Munns v. Dupont, 3 Wash. C. C. R. 31; Laing v. Colder, 8 Barr 483. In an action for false imprisonment, evidence that the plaintiff was stinted in his food, when confined, can be received if specially pleaded: Lowdrick v. Goodrich, Peake's N. P. 46; Petit v. Addington, Id. 61; Hart v. Evans, 8 Barr 21; Spigelmoyer v. Walter, 3 W. & S. 540. A plaintiff may allege in his declaration and prove to aggravate the damages circumstances for which singly he could not recover: Dix v. Brookes, 1 Strange 61; Russell v. Cornf, 1 Salkeld 119; Merest v. Harvey, 5 Taunt. 442; Boyce v. Bayliff, 1 Camp. 58; Hartley v. Herring, 8 Term R. 130; Ingram v. Lawson, 5 Bing. N. C. 33.

Judgment was entered in the Supreme Court, February 7th 1876,

PER CURIAM.—Malice was the gist of this action, and the natural and probable consequence of this arrest was the imprisonment of the plaintiff. The suffering of the plaintiff from cold, the want of a bed to lie upon, and deprivation of food for many hours, sprang directly from the imprisonment to which the malice of the defendant exposed the plaintiff. Because others may have also been in fault, it does not take away the participation of the defendant in the wrong done to the plaintiff.

Judgment affirmed.