Geiman, Appellant, v. Board of Assessment and Revision of Taxes.

Argued October 2, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*W. Burg Anstine,* with him *Anstine & Griest,* for appellants.

*Lewis P. Sterling,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 27, 1963:

Appellants, duly elected assessors of York County, Pennsylvania, filed a complaint in equity against the Board of Assessment and Revision of Taxes and against the York County Commissioners, alleging interference with their duties as assessors of real estate and seeking a determination of appellants' functions under the Personal Property Tax Act of June 17, 1913, P. L. 507, as amended, 72 P.S. §§4821-4928. The phase of the litigation pertaining to appellants' functions as assessors of real estate was settled by stipulation of the

parties in the court below and is not now before us. The remaining aspect of the case pertaining to the interpretation of appellants' functions under the Personal Property Tax Act was submitted to the court below on the following stipulation of facts filed November 13, 1961:

"1. That in 1960 the County Commissioners of York County in their capacity as a Board of Assessment and Revision of Taxes, prepared blank forms for the reporting of personal property.

"2. The Board of Assessment and Revision of Taxes prepared the forms for mailing by obtaining a postal permit and addressing these forms to the taxables in York County.

"3. The Board of Assessment and Revision of Taxes directed the local assessors to pick up the blank forms for their particular ward, borough or township and deposit said forms at the Post Office in York, Pennsylvania, thus furnishing the forms to the taxables in York County. The local assessors were compensated for their services in mailing these forms.

"4. The blank forms directed the taxpayer to file his return in the County Commissioners' Office in York."

Based upon this stipulation, and apparently after oral argument, the court below filed an opinion and decree on March 8, 1962, together with findings of fact and conclusions of law, dismissing the complaint.

On March 26, 1962, "objections" to the decree were filed by appellants and were placed on the list for argument before the court en banc.

On July 20, 1962, appellants filed a petition for leave to amend their complaint because appellees, between March 8 and July 20, 1962, levied a per capita tax for 1962. The petition, similar to the initial complaint, alleges that appellees "bypassed" those assessors located in the City of York in the administration

of the assessment of the per capita tax. The petition also alleged "that since the entry of the Court's decree [of March 8, 1962] the petitioners [appellants] have discovered that the defendants [appellees] have not prepared adequate lists of taxables in the County of York for the assessment and collection of taxes in the County of York, which facts are necessary for a proper determination of the issues raised in plaintiffs' Bill of Complaint." The prayer of the petition is for leave to amend and to adduce additional testimony. In effect, the petition requests leave to proceed on a new cause of action pertaining to the per capita tax and for leave to take additional testimony on the matters apparently decided by the decree of March 8, 1962.

On August 3, 1962, appellees filed an answer to the rule to show cause which had been entered upon the filing of the petition. This answer disputes the right to amend because of the allegation of a new cause of action; questions the standing of appellants to bring a cause of action on the issue of the per capita tax because they were county assessors, not assessors for the City of York; states that appellants set forth no authority for their performing any functions with respect to county per capita taxes; and finally urges that no reason for taking additional testimony relative to the personal property tax is apparent.

Both the original record and the printed record fail to reveal any order disposing of the petition for leave to amend, but there is a docket entry for November 7, 1962, which reads as follows: "Argument list, argued, By the Court, En Banc. Plaintiffs' and Defendants' briefs filed. Court orders that petition to amend be refused and the rule granted thereon discharged. If Plaintiff wishes to argue exceptions, can place on next list."

The docket entry for February 11, 1963, is simply: "Argument List: argued." Then, on March 25, 1963,

an opinion and decree of the court was entered dismissing the exceptions filed March 26, 1962. This appeal followed.

Appellees filed a motion to quash the appeal in so far as the appeal related to the action by the lower court in refusing appellants leave to amend their complaint. In support of this, appellees urge that the court below dismissed the petition for leave to amend on November 7, 1962, and that no appeal was perfected on that question until April 11, 1963. In answer to the motion to quash on this point, appellants urge that the order refusing leave to amend was interlocutory and that no appeal could have been taken until the entry of the final order of March 25, 1963, when the court dismissed the exceptions which were still pending when the petition for leave to amend was filed.

Because we are aided only by the docket entry of November 7, 1962, there seems to be a question as to what happened to the petition for leave to amend after it was refused on that date. Apparently appellants never filed any exceptions to the dismissal of the petition, nor was the dismissal order ever placed on a list for argument. We assume that the argument of February 11, 1963, related to the objections filed on March 26, 1962, taking issue with the decree of March 8, 1962. In other words, there is some question as to whether appellants protected the record to allow any appeal from the dismissal of the petition for leave to amend the complaint. Appellees have not raised this point, and we shall assume that the record does allow an appeal from the order of November 7, 1962.

Since the exceptions to the decree of March 8, 1962, were still pending so that there was no final order dispositive of the case as of November 7, 1962, the appeal is properly before us on the question of the propriety of the dismissal of the petition for leave to amend. The motion to quash the appeal is denied.

The Act of May 21, 1943, P. L. 571, §506, amended by Act of January 18, 1952, P. L. 2138, §1, 72 P.S. §5453.506, provides: "It shall be the duty of each assessor to gather and report to the chief assessor all data and information necessary to assess, rate and value all subjects or objects of local taxation within the respective ward, borough, town or township of which he is assessor, whether for county, city, borough, town, township, school, poor or institution district purposes in accordance with the law and all lawful regulations prescribed by the board."

The Act does not require the board of assessment to make any regulations—it simply requires an assessor to comply with whatever regulations the board might prescribe. The Personal Property Tax Act of 1913, June 17, P. L. 507, §2, as amended, 72 P.S. §4841, controls the distribution of blanks and the filing of returns and reads in pertinent part: "That the board of revision of taxes or the commissioners of every county in this Commonwealth shall annually furnish the assessors of the several townships, boroughs, and cities of the respective counties, with blanks to be prepared by them; and it shall be the duty of each of said assessors to furnish a copy of the same to every taxable person, . . . in his respective ward, district, borough, or township . . . ."

The procedure adopted in the instant case for processing the personal property returns was reasonable and within the power of the county commissioners. We do not agree with appellants' contention that the assessors had a duty under the law to *personally* deliver the tax forms to the taxables. In this regard, we cannot overlook the determination by the trial court that "this procedure would be more time consuming than the procedure adopted by the Commissioners and would appear to result in greater expense to the county, since the assessors are compensated on a per diem basis for their work."

There remains for disposition, then, whether the court below abused its discretion in refusing appellants leave to amend their complaint.* In this respect, it is important to note that the petition to amend was filed almost five months after entry of the decree dismissing the complaint and almost four months subsequent to the filing of exceptions thereto. The substance of the amendment includes what amounts to a new cause of action, based upon the per capita tax, and issues including questions of the identity of taxpayers, procedures pertaining to securing lists, etc., none of which was previously before the court below. We are satisfied that the issues presented in the requested amendment may be raised by a separate action.

The granting of leave to amend, although freely given under our rules of procedure, is still within the discretion of the trial court. *Kilian v. Allegheny County Distributors,* 409 Pa. 344, 185 A. 2d 517 (1962). The court below did not abuse its discretion by refusing to open and permit amendment of the complaint in a case that had been concluded and was awaiting final disposition of exceptions to the decree, especially where a new action is not precluded.

Decree affirmed. Each party to pay own costs.

---

* We are without the benefit of any opinion from the lower court on this question. Rule 63 of this Court requires that an opinion should have been filed provided the trial judge was adequately notified of the appeal on this point.