Hugh **HOWARTH** and Marion Howarth, his wife,

v.

Alexander **SEGAL**.

Civ. A. No. 29461.

United States District Court E. D. Pennsylvania.

March 23, 1964.

Navy; that the defendant appeared before a magistrate without probable cause and charged plaintiffs with the crimes of larceny and receiving stolen goods—more specifically the act charged was that plaintiffs stole a painting from defendant—the wife-plaintiff having been a former secretary of defendant; that the magistrate held plaintiffs for the grand jury on $500.00 bail each; that defendant, knowing the charges were false, "contrived maliciously with the intention of injuring plaintiffs in their good name, and to bring them into public scandal, infamy, and disgrace and to cause the said plaintiffs to be imprisoned and thereby impoverish, oppress and wholly disgrace them"; that the grand jury ignored the bill of indictment and did not prosecute the complaint; that due to such criminal charge the plaintiff-husband was brought into disgrace in the community and suffered great injury to his reputation and professional standing as well as severe mental anguish; and as a result of the aforesaid injuries, plaintiff-husband suffered damages in the amount of $100,000.00. The count in the complaint dealing with plaintiff-wife's cause of action makes similar allegations, as pertinent to her, and alleges damages in the amount of $50,000.00.

At this stage of the proceeding, I must construe the pleadings in the light most favorable to plaintiffs and assume that the evidence presented will support the charges made: Frederick Hart & Co. v. Recordgraph Corp., 169 F.2d 580 (3rd Cir. 1948); Hughes v. Local 11, Int'l. Ass'n. of Structural & Ornamental Iron Workers, AFL–CIO, 287 F.2d 810 (3rd Cir. 1961), cert. denied 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961). Viewed in this context, I conclude that plaintiffs have satisfied their separate burdens[3] of establishing jurisdictional amount under 28 U.S.C. § 1332(a).

---

Daniel J. Di'Giacomo, Philadelphia, Pa., for plaintiff.

Gordon & Gordon, Philadelphia, Pa., for defendant.

HIGGINBOTHAM, District Judge.

Defendant, Alexander Segal, has moved[1] to dismiss plaintiffs' complaint on the ground that the amount in controversy as to each plaintiff does not exceed $10,000.00[2].

Plaintiff, Hugh Howarth, alleges inter alia that he and his wife reside at 219 Winding Way Road, Stratford, New Jersey; that he is a dentist presently serving as an officer in the United States

1. Fed.R.Civ.P. 12(b) (1).

2. 28 U.S.C. § 1332(a) (Supp.1963).

3. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135 (1936); Kauffman v. Liberty Mut. Ins. Co., 245 F.2d 918, 920 (3rd Cir. 1957).

The standards governing this determination are well established. In St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the Supreme Court stated:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a *legal certainty*, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." [4] (Emphasis added.)

■ The items of damage recoverable in a malicious prosecution claim include both general and special damages. Thus, as stated in § 670 of the Restatement of Torts, a plaintiff is entitled to recover for

(a) the harm to his reputation which normally results from such an accusation as that brought against him, and

(b) the distress which normally results from the initiation of such proceedings.

In Comment a under § 670, it is specifically noted that:

> " * * * the plaintiff may recover for such injury to his reputation as normally results from the *publication* of the accusation without proving that his reputation has been lowered. So too, a plaintiff may recover damages for the distress which normally results from being prosecuted for a crime without proving that he has suffered any emotional disturbance. (Emphasis added.)

■ At the oral argument, plaintiffs' counsel stated that at trial he would present a news article appearing on page 2 of the June 29, 1960, Philadelphia Evening Bulletin, as evidence of the substantial defamation of their reputation caused by defendant's alleged improper conduct in prosecuting plaintiffs for larceny and receiving stolen goods. The Philadelphia Evening Bulletin article had a caption below plaintiffs' photographs noting that they were "accused of taking picture * * *" Certainly the Court must take judicial notice of the substantial circulation of the Philadelphia Evening Bulletin.

In addition, special damages are recoverable if properly proven. Restatement, Torts § 671 (1939).

■ Damages for mental distress or humiliation were expressly held recoverable in Payne v. East Liberty Spear Co., 323 Pa. 100, 185 A. 853 (1936). As to the permissibility for inclusion of special punitive damages, see: Ayre v. Dickstein, 337 Pa. 471, 12 A.2d 19 (1940); Aland v. Pyle, 263 Pa. 254, 106 A. 349 (1919); Abrahams v. Cooper, 81 Pa. 232 (1876). See also 1 Harper & James, Torts, § 4.7 (1956).

Defendant contends that a verdict above $10,000.00 for either plaintiff would be excessive as a matter of state law.[5] In support of this position de-

---

4. These principles were reiterated in Wade v. Rogala, 270 F.2d 280 (3rd Cir. 1959); and in Fireman's Fund Ins. Co. v. Ry. Express Agency, 253 F.2d 780 (6th Cir. 1948). See generally 1 Moore, Federal Practice § 0.92 [1] and (2nd ed. 1961); Barron & Holtzoff, Federal Practice & Procedure § 24 (1960).

5. Since this is a diversity action, we must follow state law. Erie R. Co. v. Thomp-

fendant cites Neczypor v. Jacobs, 403 Pa. 303, 169 A.2d 528 (1950). In Jacobs, the Pennsylvania Supreme Court, speaking through Justice Musmanno, held that damages of $4,000.00 in a suit for malicious prosecution were not excessive. Since the Court did not note any amount which would have been excessive, defendant is reading an unwarranted negative implication into the opinion.[6]

■ The alleged excessiveness of a verdict must be measured by a "criterion of shockability". Flank v. Walker, 398 Pa. 166, 171, 157 A.2d 163, 165 (1960). Thus, "[t]he law in Pennsylvania is well settled that a jury verdict will be interfered with on the grounds of excessiveness only in cases where it is 'so grossly excessive as to shock our sense of justice'. This rule has been followed consistently in federal courts in this [third] circuit." Dempsey v. Hartley, 94 F.Supp. 918, 921 (E.D.Pa.1951).[7] Shakespeare once wrote:

"Who steals my purse steals trash.
'Tis something, nothing;
'Twas mine, 'tis his, and has been
    slave to thousands;
But he that filches from me my
    good name
Robs me of that which not enriches
    him,
And makes me poor indeed."[8]

Upon viewing the evidence as we are required to in the light most favorable to plaintiffs,[9] there is no "legal certainty"[10] that each of plaintiffs' claims could not properly exceed $10,000.00, and I will not hold now as a matter of law that $10,-000.00 verdicts would be excessive for the alleged besmirchment of the plain-

tiffs' good name and the alleged improper arrest on charges which carry the imprimatur that they were thieves.

I will therefore deny defendant's motion to dismiss.

kins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Biggans v. Hajoca Corp., 94 F.Supp. 593 (E.D.Pa.1950), aff'd. 185 F.2d 982 (3rd Cir. 1950).

6. The issue of excessiveness of damages was so insignificant that the three-judge dissent did not even mention it.

7. As to the issue of excessiveness of damages, see also Scott v. Baltimore & O. R. R., 151 F.2d 61, 64–65 (3rd Cir. 1945); Armit v. Loveland, 115 F.2d 308, 314 (3rd Cir. 1940); Fornwalt v. Read-

ing Co., 79 F.Supp. 921, 923 (E.D.Pa. 1948); Handy v. Reading Co., 66 F.Supp. 246 (E.D.Pa.1946); Boyle v. Ward, 39 F.Supp. 545 (M.D.Pa.1941); aff'd, 125 F. 2d 672 (3rd Cir. 1942).

8. Othello, Act 3, Scene 3.

9. Frederick Hart & Co. v. Recordgraph Corp., supra; Hughes v. Local 11, Int'l Ass'n of Structural Iron Workers, AFL-CIO, supra.

10. St. Paul Mercury Indem. Co. v. Red Cab Co., supra.