445 A.2d 1240

Janice F. STOUGHTON, Appellant,

v.

George D. KINZEY, an individual, and C. Raymaley Hauling Contractors, a/k/a C. Ramaley Hauling Contractors and C. Raymaley, a/k/a C. Raymaley, t/d/b/a C. Raymaley Contractors, a/k/a C. Ramaley Hauling Contractors.

Superior Court of Pennsylvania.

Argued Feb. 10, 1982.

Filed May 21, 1982.

Petition for Allowance of Appeal Denied Sept. 27, 1982.

Dante G. Bertani, Public Defender, Greensburg, for appellant.

Rabe F. Marsh, III, Greensburg, for appellees.

Before BROSKY, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Westmoreland County Court of Common Pleas ordering appellant, Janice F. Stoughton to grant appellee Ramaley Hauling Contractors a remittitur in the amount of $17,000.00 from a jury verdict of $25,000.00, or suffer a new trial. Because the trial court abused its discretion in ordering the remittitur, the order will be reversed and the jury verdict of damages in the amount of $25,000.00 will be reinstated.

On the morning of December 15, 1972, appellant's car crashed into the back of appellee's garbage truck. She sustained severe injuries to her head, chest and stomach, elbows and left knee. She was scalped and the skin on the top of her head was peeled back. This left a permanent and visible scar running from left to right across the front of her head near the hairline. She also sustained permanent and visible scars on her right eye and forehead from cuts sustained in the accident. These scars were shown to the jury. In addition, she suffered cut elbows and bruises on her stomach and chest. She had a lump in her stomach the size of her fist which took six months to recede. Her left knee was fractured, and she was on crutches for six weeks after the cast was removed. She walked with a limp for a year and her knee still causes her pain when she cleans refrigerators in the meat packing plant where she presently works. Due to her head injuries, she was not permitted to wash her hair for a month, even though it was caked with blood. Because she was unable to climb the stairs to her bedroom, she had to spend two months on the couch in the living room of her parent's home. She testified that this caused her great embarrassment. Due to her injuries, she was not able to participate in her favorite sports for a period of one year. She still suffers from headaches.

Appellant brought an action in trespass against appellee alleging that appellee was negligent in parking its truck on the highway without adequate lights, and that this is what caused her injuries.[1] On October 16, 1978, a jury found appellee negligent and awarded appellant $25,000.00 in damages for medical expenses, pain and suffering, disfigurement and embarrassment.[2] Appellee then filed a motion for a new trial alleging that the damages awarded were excessive. The lower court agreed with this contention and on May 7, 1980, ordered appellant to file a remittitur in the amount of $17,000.00 within twenty days or to suffer a new trial. Appellant did not file the remittitur and this appeal followed.

The sole issue raised by the appellant is whether the lower court abused its discretion by ordering appellant to file the remittitur.

The issue of the amount of damages that a person is to be awarded for pain and suffering, both past and future, is primarily a jury question. *James v. Ferguson*, 401 Pa. 92, 96–7, 162 A.2d 690, 692, 693 (1960). It is the duty of the trial court to enforce the jury's verdict unless the circumstances cry out for judicial interference. *Prather v. H–K Corp.*, 282 Pa.Super. 556, 423 A.2d 385, 389 (1980). A verdict, if supported by the evidence, must be permitted to stand where there is nothing to suggest that the jury was in any way guided by partiality, prejudice, mistake or corruption. In such a case, an order of remittitur, which brings the verdict below the amount awarded by the jury is error and must be reversed. *Id.* A jury is justified in awarding substantial damages for pain and suffering where the injuries are permanent and cause pain. *Bell v. Yellow Cab Co.*, 399 Pa. 332, 337–39, 160 A.2d 437, 439–40 (1960).

1. Appellant tried to negotiate an out of court settlement with appellee, but these efforts were unsuccessful.

2. The jury was instructed not to award appellant any damages for lost wages because the trial court determined that not enough proof had been offered on this element of damages. Appellant's medical expenses amounted to $572.55.

■ In determining whether a jury's award of damages is supported by the evidence, the following factors are taken into account:

1.) the severity of the injury;

2.) whether the injury is demonstrated by objective physical evidence or subjective evidence;

3.) whether the injury is permanent;

4.) the plaintiff's ability to continue employment;

5.) disparity between the amount of out of pocket expenses and the amount of the verdict; and

6.) damages plaintiff requested in his complaint.

*Kemp v. Philadelphia Transportation Co.*, 239 Pa.Super. 379, 385–86, 361 A.2d 362, 364–66 (1976).

■ Applying the above standards to the facts of the instant case, we find that the jury's verdict was supported by the evidence. Appellant's injuries were severe. The severity of her injuries was manifested by broken bones, disfigurement in the form of scars and her loss of consciousness soon after the accident. See, *Kemp*, 361 A.2d at 365. There is no doubt that appellant's injuries are permanent, as she will be scarred for life. See, *Fretts v. Pavetti*, 282 Pa.Super. 166, 176, 422 A.2d 881, 885 (1980).

Appellant's ability to continue her employment is not relevant in this case because the jury was instructed not to consider her lost wages in arriving at a damage figure.

■ In regard to the disparity between the amount of out of pocket expenses and the amount of the verdict, this is only one factor to be considered and does not, in and of itself, justify granting a new trial on the ground that the verdict was excessive. *Kemp*, 361 A.2d at 356. Also important to note in the instant case is the fact that appellant's doctor testified that he charged her much less than his services were worth.

The appellant asked for damages in her complaint in excess of $10,000.00, and this is precisely what the jury awarded her. The lower court incorrectly stated this stan-

dard to be what appellant was willing to settle for before the trial. Because appellee refused to settle before the trial for a lesser amount, he cannot now be heard to complain that the jury award was excessive. Appellee had the chance to show that appellant was not entitled to the damages she sought, and failed to do so.

■ Appellee contends that appellant's testimony regarding her pain was not a proper basis for the award of damages because there was no objective documentation of it. In a personal injury action, however, it is totally within the jury's province to disbelieve or believe all or part of the testimony of any witness and to arrive at a verdict of damages which it determines will compensate a plaintiff for his loss. *Rogers v. Hammett*, 229 Pa.Super. 6, 9, 323 A.2d 394, 395 (1974). The lower court fully instructed the jury as the legal rules regarding credibility. The jury chose to believe the testimony of the appellant and her witnesses. .

■ Where a plaintiff's verdict is supported by the evidence, an order of the court modifying it is an abuse of discretion. *James*, 162 A.2d at 694. Because the verdict of damages in the instant case was more than adequately supported by the evidence, the order granting appellee a remittitur was an abuse of discretion. Thus, the order of the lower court is reversed and the jury verdict in the amount of $25,000.00 is reinstated.