J-S34017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MATTHEW ROSS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDALL D. BROOKS | |
| Appellant | No. 1973 MDA 2015 |

Appeal from the Judgment Entered January 6, 2015
In the Court of Common Pleas of Centre County
Civil Division at No: 2011-5700

BEFORE: PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 22, 2016**

Appellant, Randall D. Brooks ("Appellant"), appeals *pro se* from the January 6, 2015 judgment entered in the Court of Common Pleas of Centre County ("trial court") awarding Appellee, Matthew Ross ("Ross"), a verdict totaling $787,500. Upon review, we affirm.

The instant matter stems from an incident on December 29, 2009, wherein Appellant shot Ross while he was traveling on Pennsylvania Route 64. On April 20, 2012, following a criminal jury trial, Appellant was convicted of five counts of witness intimidation, two counts of stalking, two counts of harassment, two counts of solicitation to commit evidence tampering, one count of solicitation to commit perjury, one count of attempted murder, one count of possession of an instrument of crime, one count of recklessly endangering another person, and one count of conspiracy

to commit aggravated jury tampering. ***See Commonwealth v. Brooks***, 953 MDA 2014, unpublished memorandum at 2 (Pa. Super. filed June 2, 2015). This Court upheld Appellant's criminal conviction; however, his case was remanded for resentencing. ***Id.*** at 12.

Ross filed a complaint on May 10, 2012, seeking compensatory and punitive damages from Appellant and compensatory damages for Daniel Brooks' negligent supervision of Appellant.[1] After a number of discovery motions, Appellant filed a motion for summary judgment on October 11, 2013. On December 3, 2013, Appellant filed a motion for recusal of Judge Bradley Lunsford on the grounds that he presided over Appellant's criminal case, was biased, denied Appellant's motions in the criminal matter, sentenced him to an illegal sentence, allowed the prosecution unfettered access to the courtroom, and made a derogatory, prejudiced statement at sentencing. On May 21, 2014, the trial court denied Appellant's motion for summary judgment. By order dated July 31, 2014, the trial court denied Appellant's motion for recusal.

On October 27, 2014, Ross filed a motion *in limine* to enter judgment as to liability and to admit testimony from the criminal trial. The trial court granted the motion by order dated October 30, 2014. On December 19, 2014, Appellant filed a second motion for recusal of Judge Bradley Lunsford.

---

[1] Daniel Brooks is the father of Appellant. Summary judgment was awarded in Daniel Brooks' favor on March 3, 2014.

This motion was addressed to President Judge Thomas King Kistler, who determined that any recusal motion must be filed with the trial judge and not the president judge.

A civil non-jury trial was held on January 6, 2015. At the conclusion of trial, the trial court entered a verdict in favor of Ross and against Appellant. The verdict was comprised of $37,500 in lost wages, $250,000 in compensatory damages, and $500,000 in punitive damages. On February 5, 2015, Appellant filed a notice of appeal. On, March 13, 2015, the trial court directed Appellant to file a concise statement of errors complained of on appeal. Appellant complied on April 6, 2015.

On March 31, 2015, this Court entered an order quashing Appellant's appeal without prejudice to Appellant to file a request in the trial court for permission to file *nunc pro tunc* post-trial motions. Appellant filed such request on April 13, 2015, and the trial court granted it on April 17, 2015. Appellant filed a motion for post-trial relief on May 6, 2015. The trial court denied Appellant's post-trial motion on October 5, 2015.

On October 26, 2015, Appellant filed a second notice of appeal. The trial court directed Appellant to file a concise statement of errors complained of on appeal. Appellant complied on December 7, 2015. The trial court, by the Honorable Jonathan D. Grine, entered an opinion pursuant to Pa.R.A.P. 1925(a) on December 11, 2015.

Appellant raises six issues on appeal that we quote verbatim.

I.    Did the trial court abuse its discretion in denying [Appellant's] Motion for Rucusal of Judge Lunsford where he demonstrated numerous instances of Judge Lunsford's bias unfairness, prejudice, and hostility towards [Appellant]?

II.   Did Centre County President Judge Thomas King Kistler abuse his discretion in denying [Appellant's] Motion for Appointment of New Judge directed to Judge Kistler where he demonstrated numerous acts of Judicial Misconduct, Bias, Prejudice, and Unfairness committed by Judge Lunsford while presiding over the criminal case of [Appellant]?

III.  Did the trial court abuse its discretion in denying [Appellant's] Motion for Summary Judgment where he demonstrated [Ross's] Mental Health averments were pre-existing prior to the date that gave rise to [Ross's] cause of action, and that [Ross's] averments of Nerve Damage, Loss of Range of Motion, Numbness, and fatigue in his left arm were non-existent proven by [Ross's] Hospital records and that [Ross] failed to provide any medical documentation to prove a genuine issue of facts to be submitted to a Jury?

IV.   Did the trial court err in imposing a pre-trial order that [Appellant's] Criminal Conviction established liability of [Appellant] which limited the Non-Jury trial was limited to solely the issue of damages, when [Appellant's] Criminal Trial was obtained through Judicial Misconduct and Prosecutorial Misconduct, Biased Trial Judge in which is sufficient to upset the Criminal Conviction?

V.    Did [Appellant] have a Fair Non-Jury Civil Trial before a Fair and Impartial and Unbiased Judge who was the trier of fact?

VI.   Did the trial court abuse its discretion in imposing a manifestly excessive monetary award of $787.500.00 to [Ross] for his Soft Tissue Injury, when Judge Lunsford broke the "Golden Rule" as the trier of fact by placing himself in [Ross's] shoes, which proved that Judge Lunsford had a fixed bias and hostility toward [Appellant] such that [Judge] Lunsford could not weigh the evidence objectively and render a fair and true verdict?

- 4 -

Appellant's Brief at 8.

Appellant's first issue asks whether the trial court abused its discretion in refusing to recuse itself. Appellant's fifth issue—whether he received a fair non-jury civil trial before a fair and impartial and unbiased judge—is essentially identical to Appellant's first claim; therefore, this Court will address these issues together. This Court's standard of review of a motion for recusal is abuse of discretion. *Commonwealth v. Brown*, 141 A.3d 491, 498 (Pa. Super. 2016) (quoting *Becker v. M.S. Reilly, Inc.* 123 A.3d 776, 778 (Pa. Super. 2015)).

> Where there is a question of the impartiality of one or more of the Justices, it is the individual Justice's responsibility to make a conscientious determination whether he or she can impartially assess the issues in question. It is to be emphasized that this assessment is two tiered. *First,* whether the Justice would have a *personal* bias or interest which would preclude an impartial review. This is a personal and unreviewable decision that only the jurist can make. *Second,* whether his participation in the matter would give the appearance of impropriety. [T]o perform its high function in the best way, justice must satisfy the appearance of justice.

*Goodheart v. Casey*, 565 A.2d 757, 764 (Pa. 1989) (citations and quotation marks omitted) (emphasis in original). "The party who asserts a trial judge should recuse bears the burden of setting forth specific evidence of bias, prejudice, or unfairness." *Commonwealth v. Harris*, 979 A.2d 387, 392 (Pa. Super. 2009) (citations omitted).

Specifically, Appellant argues that Judge Lunsford should have recused himself because he presided over Appellant's criminal trial. Appellant

asserts that during this criminal trial, Judge Lunsford denied Appellant's motion for the appointment of new counsel, sustained prosecutorial objections without asking for clarification, rushed Appellant's cross examinations, denied his motion for an expert witness, sentenced Appellant to the sentence the Commonwealth requested, and referred to Appellant at his sentencing as "insane and delusional." *See* Appellant's Brief at 22-24. "Adverse rulings alone do not . . . establish the requisite bias warranting recusal, especially where the rulings are legally proper." *Brown*, 141 A.3d at 498 (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 90 (Pa. 1998)). Upon review of the record, it is clear that the trial court's rulings against Appellant did not establish the requisite bias warranting recusal. Furthermore, Appellant failed to attach copies of his sentencing transcript to his motion to recuse. As discussed above, Appellant bears the burden of setting forth specific evidence of bias, prejudice, or unfairness. *See Harris*, 979 A.2d at 392. Appellant's bald assertion that the trial court referred to Appellant as "insane and delusional" fails to establish that recusal was warranted; therefore, Appellant's claim fails.

Appellant further argues that during his criminal trial, Judge Lunsford was engaging in *ex parte* communications with the District Attorney. Appellant asserts that an affidavit by Maggie Miller, the court reporter in Appellant's criminal trial, establishes Judge Lunsford's bias. "[A]ny document which is not part of the officially certified record is deemed non-

existent---a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record." ***Parr v. Ford Motor Co.***, 109 A.3d 682, 695 n. 10 (Pa. Super. 2014) (citation omitted). As this affidavit was not in the certified record, this Court cannot consider it in our decision.

Additionally, Appellant argues that the trial court abused its discretion when it allowed Dr. Peterson to testify via telephone. Appellant cites no authority for the proposition that testimony could not be heard telephonically. Furthermore, Appellant failed to raise an objection to this testimony during trial. ***See*** Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Therefore, Appellant's claim is waived. Appellant's first and fifth claims lack merit.

Appellant's second argument is that President Judge Thomas King Kistler abused his discretion in denying Appellant's motion for appointment of a new judge. Appellant cites no authority granting the president judge authority to recuse judges from individual cases. Therefore, Appellant's claim that President Judge Kistler abused his discretion is meritless.

Appellant's third claim is that the trial court erred by denying his motion for summary judgment because there were no genuine issues of material fact and he was entitled to judgment as a matter of law. "It is well established that a criminal conviction collaterally estops a defendant from

denying his acts in a subsequent civil trial." ***Shaffer v. Smith***, 673 A.2d 872, 874 (Pa. 1996) (citations omitted). In the matter *sub judice*, Appellant was convicted of criminal attempt-murder for his actions against Ross. Because Appellant was prohibited from denying his actions in the subsequent civil trial, he was not entitled to summary judgment. Therefore, Appellant's claim is meritless.

Similarly, Appellant's fourth claim is that the trial court erred in imposing a pre-trial order that Appellant's criminal conviction established civil liability because his criminal trial was obtained through judicial misconduct, prosecutorial misconduct, and a biased trial judge. As discussed above, "it is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial." ***Shaffer***, 673 A.2d at 874 (citations omitted). Moreover, this Court upheld Appellant's criminal conviction. Appellant further reasserts his reasoning that the trial court's failure to recuse constitutes fraud. As discussed above, Appellant's arguments lack merit. Therefore, we find that Appellant's fourth claim fails.

Appellant's final claim is that the trial court abused its discretion in imposing a manifestly excessive monetary award of $787,500.00 to Ross because the trial court was biased and placed itself in Ross's shoes. As discussed above, Appellant's claims that the trial court was biased are meritless; therefore, we will not address these claims again. Furthermore,

to the extent Appellant's claim goes beyond a claim of bias, it is waived as Appellant cites to no legal authority in his brief and fails to develop the argument. To the extent Appellant's claim is not waived, Appellant's claim lacks merit.

"The decision of whether to award punitive damages and the amount to be awarded are within the discretion of the fact finder." ***Daley v. John Wanamaker, Inc.***, 464 A.2d 355, 358 (Pa. Super. 1983). "The fact finder should be given broad discretion in assessing an amount which will be sufficient to punish the defendant and set an example to deter him and others from this type of conduct." ***Id.*** (citations omitted). "In reviewing challenges to punitive damage awards, we determine whether the trial court has committed any abuse of discretion or whether after a complete and exhaustive review of the record, the award shocks the court's sense of justice." ***Lomas v. Kravitz***, 130 A.3d 107, 128 (Pa. Super. 2015), *appealed on other grounds*, 2016 WL 4467284.

In the matter *sub judice*, the trial court found that the injury "was a life-threatening injury to an extent." N.T. Civil Non-Jury Trial, 1/6/2015, at 113. Furthermore, emotional distress alone may result in the recovery of compensatory damages. ***See Pierce v. Penman***, 515 A.2d 948, 953 (Pa. Super. 1986). The trial court received evidence of the physical and emotional impact the shooting had on Ross, including the testimony of Ross and Dr. Emily Peterson, as well as numerous physical exhibits. Upon review

of the record, the trial court did not abuse its discretion and the award of damages does not shock this Court's sense of justice; therefore, Appellant's claim fails.

As all of Appellant's claims lack merit, this Court will affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016